Argued and submitted June 13, affirmed December 14, 1994

In the Matter of the Compensation of
Jo Wanda Orman, Claimant.

Jo Wanda ORMAN,
*Petitioner,*

*v.*

SAIF CORPORATION,
and Universal Rubber Company,
*Respondents.*

(93-01697; CA A81058)

886 P2d 503

Darris K. Rowell argued the cause and filed the brief for petitioner.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's dismissal of claimant's request for a hearing based on lack of subject matter jurisdiction. We affirm.

Claimant suffered a compensable injury in 1976. In 1990, after her aggravation rights expired, ORS 656.273(4)(a), claimant was hospitalized for three days for treatment of a disabling psychological condition. That treatment was later determined to be necessary medical care for claimant's previously accepted injury, and therefore compensable.[1]

On November 25, 1992, the Board reopened the claim and issued an own motion order[2] that directed SAIF to pay claimant temporary disability benefits beginning July 7, 1990, the date that she was hospitalized. The Board did not simultaneously set a closure date; therefore, SAIF was required to close the claim when claimant became medically stationary. OAR 438-12-055. SAIF did not pay claimant the temporary disability benefits,[3] and on January 21, 1993, she requested a hearing seeking enforcement of the own motion order, penalties for SAIF's failure to comply with the order and attorney fees. The referee dismissed the case, because

"the issues raised before the trial forum are 'inherently within' the Board's Own Motion jurisdiction. Enforcement of an Own Motion Order is not 'a question concerning a claim' as that phrase is used in ORS 656.283(1)."

On appeal, the Board affirmed the referee's decision.

Claimant first assigns error to the Board's determination that the Hearings Division lacked jurisdiction to

---

[1] That determination was made in a separate proceeding before the Hearings Division which was later affirmed by the Board. SAIF does not challenge it.

[2] ORS 656.278 provides that the Board

"may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified * * *."

Orders issued by the Board under that provision are therefore referred to as "own motion" orders.

[3] OAR 438-12-035 requires insurers to make the first payment of temporary disability compensation within 14 days of the date of an own motion order reopening the claim.

enforce the own motion order.[4] We review for errors of law. ORS 183.482(8)(a). Claimant contends that the Hearings Division has original jurisdiction, or at least concurrent jurisdiction with the Board, to enforce own motion orders. We disagree.

Claimant's request raised a question regarding enforcement of the Board's own motion order. Any questions regarding her written request for compensation or her compensable injury were previously resolved by the Board's opinion and order, which affirmatively established her right to temporary disability benefits.

Claimant correctly points out that the statute establishing the Board's own motion jurisdiction, ORS 656.278, does not expressly grant the Board authority to enforce its own motion orders. However, that statute does not automatically preclude the Board from exercising original jurisdiction over enforcement of own motion orders. ORS 656.726(4) provides, in part:

> "The Board may make and declare all rules which are reasonably required in the performance of its duties, including but not limited to rules of practice and procedure in connection with hearing and review proceedings *and exercising its authority under ORS 656.278*." (Emphasis supplied.)

Pursuant to its rulemaking authority, the Board enacted OAR 438-12-062, which provides:

> "The Board *may refer a request to enforce an Own Motion order to the Hearings Division* for an evidentiary hearing and recommended findings of fact and conclusions." (Emphasis supplied.)

This rule necessarily implies that the Board has original jurisdiction to enforce its own motion orders, and may submit the case to the Hearings Division if an evidentiary hearing is needed. Here, claimant initially sought enforcement of the

---

[4] After claimant filed the request for a hearing, but before the hearing took place, SAIF issued a notice of closure indicating that claimant became medically stationary July 10, 1990. SAIF contends that claimant is dissatisfied with the medically stationary date and is attempting to challenge that determination in this proceeding. However, claimant does not challenge the closure date, nor is she seeking additional benefits; therefore, we address only whether the Hearings Division had authority to enforce the own motion order and assess penalties and attorney fees in this case.

own motion order through the Hearings Division, which lacks original jurisdiction to enforce that order. Therefore, the Board did not err in dismissing claimant's hearing request on jurisdictional grounds.

Claimant next assigns error to the Board's determination that the Hearings Division lacked jurisdiction to consider claimant's entitlement to penalties under ORS 656.262(10). We again review for errors of law. ORS 183.482(8)(a). There was no statutory authority to request a hearing on that issue.

Affirmed.